UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEANNE K. DODGE KROWS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No.: C07-1988 CRD

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

    Plaintiff Deanne K. Dodge-Krows appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS the case for payment of benefits.

I. FACTS AND PROCEDURAL HISTORY

    Plaintiff is a forty-one-year-old female, thirty-two years old at the alleged disability onset date. She has a GED and has attended some community college courses. She has work experience as a bartender and a cake decorator.

    Plaintiff applied for SSI and DIB in 1999, alleging disability since April 1999 due to fibromyalgia and affective disorders. Her claim was denied initially and upon reconsideration,

ORDER - 1

and she timely requested an ALJ hearing. On May 9, 2001, a hearing was held before ALJ Ronald Dickenson. The ALJ rendered an unfavorable decision on June 13, 2001, finding Plaintiff not disabled. Plaintiff requested review by the Appeals Counsel and review was denied. Plaintiff then appealed to this Court, where the parties stipulated the decision should be reversed and remanded for further proceedings. On January 21, 2005, an ALJ hearing was held before AJL M.J. Adams. The ALJ rendered an unfavorable decision on April 28, 2005, finding Plaintiff not disabled because she could perform her past relevant work. Plaintiff again requested review by the Appeals Counsel and review was denied. Plaintiff again appealed to this court and the parties again stipulated to remand for further proceedings to consider the combined effect of her impairments, reevaluate her mental impairments, evaluate four physician's medical opinions, evaluate three lay witness statements, consider the claimant's RFC, and obtain supplemental vocational expert testimony. Plaintiff's third ALJ hearing was held on September 11, 2006, again before ALJ Adams. The ALJ heard testimony from two witnesses: a vocational expert ("VE") and Plaintiff, who was represented by counsel, Anne Kysar, Esq. Administrative Record ("AR") at 1235-57. The ALJ rendered an unfavorable decision on June 19, 2007, finding Plaintiff not disabled because she could perform a limited range of sedentary work. Plaintiff requested review by the Appeals Counsel and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On December 12, 2007, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Ms. Dodge-Krows bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR 774, Finding

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER - 3

2. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case the ALJ found Plaintiff has the severe impairments of depression, fibromyalgia, hypothyroidism, sleep apnea, and anemia. AR 774, Finding 3. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment. AR 776, Finding 4.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case determined Plaintiff retained a RFC for unskilled, sedentary work. AR 775-76, Finding 5. The ALJ therefore found that Plaintiff could not perform her past relevant work of bartender or cake decorator *Id.* at 782, Finding 7.

If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In this case, the ALJ determined that Plaintiff retains the ability to perform unskilled, sedentary work, at jobs such as table worker, assembler, and call out operator. AR 783, Finding 10. The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA. *Id.*

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err in evaluating medical evidence or opinions?
2. Did the ALJ err in assessing Plaintiff's credibility?

Dkt. No. 1.

## VI. DISCUSSION

*A. Medical evidence*

Plaintiff asserts the ALJ erred by not finding that her pain disorder is a severe impairment and by improperly rejecting the medical opinions of Drs. Meinz, Vandermeer, Solomon, and Rasmussen. To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1995); *Magallanes*, 881 F.2d at 751-55. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof and making findings. *Magallanes*, 881 F.2d at 751 (internal citations omitted). The rejection of an opinion of a treating physician based in part on the testimony of a nontreating, nonexamining medical advisor may be upheld. *Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir. 1999), citing *Magallanes*, 881 F.2d at 751-55; *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

1. Pain Disorder

Plaintiff asserts that the ALJ erred in finding her pain disorder is not a severe impairment by rejecting the opinion of Dr. Meinz. Dr. Meinz twice diagnosed Plaintiff with a pain disorder, and concluded she is not able to work due to fibromyalgia and pain limitations. AR 1000. The ALJ noted that Dr. Meinz diagnosed Plaintiff with a pain disorder because fibromyalgia had also been diagnosed. The ALJ concluded that, "with these scanty bits of information, Dr. Meinz has not established the existence of a pain disorder…especially as he was the only individual to list

these diagnoses." AR 776. Plaintiff argues that Dr. Meinz' pain disorder diagnosis was supported by the finding that her fibromyalgia is a severe impairment, and because fibromyalgia is a known painful condition. In January 2007, Dr. Meinz noted that her "primary problems in functioning when it comes to employability have to do with the fibromyalgia and accompanying pain disorder…absent pain complaints, she likely would be working…she really enjoyed working as a cake decorator…and she really enjoys working." AR 1233.

The Court finds the ALJ's rationale for not finding Plaintiff to have a pain disorder are specific and legitimate and not in error.

    2.   Doctor Vandermeer

Plaintiff asserts that the ALJ improperly rejected the opinions of Dr. Vandermeer. On multiple occasions, Dr. Vandermeer found Plaintiff significantly limited in exertional and nonexertional activity. AR 1179-80, 1216. However, the ALJ noted that he gave little weight to Dr. Vandermeer's opinions because, "Dr. Vandermeer does not provide a single objective finding to support his conclusions. Instead, his letter only appears to be a recounting of the claimant's complaints and a recapitulation of her own assessment of her abilities. The same criticism is appropriate for the March 21, 2007 letter from Dr. Vandermeer." AR 781. The Court does not agree. Dr. Vandermeer has been Plaintiff's primary care physician for over eight years; the record is replete with his ongoing treatment notes. *See* AR 556-65, 1005-60. Dr. Vandermeer noted that he based his opinions primarily on his years of treating and evaluating Plaintiff, and partially on her subjective complaints. AR 761. As a long-time treating physician, even if contradicted by another physician, Dr. Vandermeer's opinions are entitled to significant weight unless specific and legitimate reasons based on substantial evidence in the record are set forth. Other than finding Dr. Vandermeer's opinions were based on Plaintiff's subjective complaints, the ALJ did not cite any particular problem. Thus, the ALJ did not give a specific or legitimate rationale for dismissing the opinions of a physician who has treated a patient for years.

///

///

///

### 3. Doctor Solomon

Plaintiff asserts the ALJ similarly erred in rejecting the opinions of Dr. Solomon, her treating rheumatologist. The ALJ gave little weight to Dr. Solomon's opinions because Dr. Solomon "failed to provide any objective findings to support his conclusions." AR 780-81. The Court disagrees. Dr. Solomon's findings were based on his ongoing treatment of Plaintiff's fibromyalgia. *See* AR 223-39, 271-72, 297, 349-53, 385-427, 537-55. Although Dr. Solomon noted that it is impossible to objectively measure pain and fatigue because of their subjective nature (AR 544-45), he opined Plaintiff would be absent from work more than three times in month due to limitations he listed (AR 387). Dr. Solomon noted that pain and fatigue are generally subjective in nature, however, he also stated that his opinions are based on his evaluations and laboratory studies of Plaintiff. AR 544. As such, Dr. Solomon's observations constitute acceptable clinical findings, and give objective support for his conclusions. 20 C.F.R. § 404.1513(b)(2). Thus, the Court finds that the ALJ's conclusion that Dr. Solomon's opinions lacked objective support is not supported by substantial evidence and must be reversed. *See Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005).

### 4. Doctor Rasmussen

Dr. Rasmussen is Plaintiff's treating psychotherapist. He concluded Plaintiff is unable to work due to physiological and psychological limitations. AR 205. The ALJ's decision sets forth some of Dr. Rasmussen's opinions; however, the written decision is silent regarding the weight he assigned to those opinions. AR 780. Defendant offers no counter argument, yet does not explicitly concede this issue. Defendant instead repeats some of Dr. Rasmussen's opinions, similar to the ALJ's decision. AR 780; Dkt. 14 at 11. The ALJ clearly does not concur with Dr. Rasmussen's ultimate conclusion that Plaintiff has serious limitations preventing her from working, but the ALJ did not explain the weight he gave to Dr. Rasmussen's opinions, or give any specific reason for deciding against them. The ALJ is required to consider and explain the weight given to all medical opinions. Because the ALJ did not give any reason for rejecting Dr. Rasmussen's opinions, nor a specific or legitimate reason, this Court finds the ALJ's decision was not based on substantial evidence and is therefore in error.

## B. Plaintiff's Credibility

The ALJ found that Plaintiff's testimony was not fully credible. AR 779. Plaintiff asserts that the ALJ did not provide clear and convincing reasons for finding her allegations of pain, fatigue, and other symptoms less severe than she alleges. Again, Defendant asserts no counter argument in response to Plaintiff's assignment of error. Instead, Defendant sets forth boilerplate legal standards, followed by a laundry list of opinions and facts from the record, concluding: "[t]he ALJ rationally interpreted the record as a whole, including the medical assessments noted above." Dkt. 14 at 12-14. Although the parties on two prior occasions stipulated to remanding this case to the ALJ, Defendant apparently would now have the Court ignore Ninth Circuit law and decide the case based on the totality of the record.

The ALJ did not find, nor does Defendant assert, any evidence of malingering on Plaintiff's part. Absent evidence of malingering, the ALJ can only reject Plaintiff's testimony regarding the severity of her symptoms by giving "specific, clear and convincing reasons" for the rejection. *See Lingenfelter*, 504 F.3d at 1036; *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *Thomas*, 278 F.3d at 958-59. In finding a claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). However, an ALJ may not discredit a claimant's pain testimony solely on the ground that it is not supported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989).

Here, the ALJ concluded that Plaintiff's testimony was not fully credible primarily because the objective medical evidence did not support the degree of pain and degree of limitation she alleged. The ALJ cites no evidence of malingering by Plaintiff, nor does this Court find any in the record. The ALJ also noted supposed inconsistencies with Plaintiff's testimony, citing only the following evidence:

> …James Vandermeer, M.D., stated in December 2001 that the claimant "had no physical impairments that would disable her from sitting, standing, moving about, carrying, handling objects, hearing, speaking, seeing or traveling" (Ex. 32F-2). This doctor also indicated that the presence of fribromyalgia, anxiety and depression would not necessarily prevent work. Only if these impairments were untreated did the possibility arise that they might interfere with the ability to sustain concentration, pace, persistence and adaptation (Ex. 32F-2).
>
> In fact, the claimant wrote a note to Dr. Vandermeer in April 2003 that indicated that she was trying to [buy] a café and that her kids would help her (Ex. 36F-14). This project shows that claimant believed that she was able to perform work activity. Furthermore, in April, 2004, she was reported as working daily with her ex-husband in her secondhand clothing boutique (Ex. 36F-5). This enterprise was "continuing to thrive", according to a chart note from Dr. Vandermeer in November 2004 (Ex. 36F-2). Thus, her activity level is not consistent with her testimony.
> On the basis of these inconsistencies, the claimant's testimony is not convincing.

AR at 780.

The Court does not agree that the above demonstrates any inconsistency or contradictory evidence that Plaintiff can work. Plaintiff testified, and the record clearly reflects, that she has made several unsuccessful work attempts and was unable to continue with any of them. This is consistent with the ALJ's finding that although Plaintiff has attempted to work several times, none of it amounted to substantial gainful activity during the alleged period of disability. Plaintiff's unsuccessful work attempts are supported by other evidence in the record including lay statement by a former employer and a next door shop keeper. Moreover, unsuccessful work attempts are viewed in favor of claimants, rather than against. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) (Evidence that a claimant tried to work and failed may support allegations of disabling pain. *Citing Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir.1989)). Thus, the ALJ's finding that Plaintiff's testimony or activities are not consistent, is not based on substantial

evidence; the ALJ gave no clear and convincing reason for finding Plaintiff's testimony not credible and is therefore in error.

Further, the Court finds there is no evidence in the record to contradict the severity of Plaintiff's complaints. Complaints such as pain and fatigue are subjective by their very nature. "Unlike most medical conditions capable of supporting a finding of disability, pain cannot be objectively verified or measured. While the physical conditions causing pain can usually be objectively ascertained, the pain itself cannot; the very existence of pain is a completely subjective phenomenon. So is the degree of pain: The amount of pain caused by a given physical impairment can vary greatly from individual to individual." *Fair*, 885 F.2d at 601. The Court finds there is no evidence of malingering, the ALJ's reasoning is not clear and not convincing, and because the ALJ cannot otherwise discredit Plaintiff's subjective complaints based solely on a lack of objective evidence, the ALJ's failure to fully credit Plaintiff's testimony was in error and must be reversed.

As a result, the ALJ did not present clear and convincing reasons for excluding Plaintiff's testimony of pain and other symptoms from the RFC determination. Because the RFC determination was in error, substantial evidence does not support the ALJ's conclusion at step five that Plaintiff is capable of performing a limited range of sedentary work. In cases where there are no outstanding issues to be resolved, and where, had the ALJ had taken Plaintiff's testimony as true the ALJ would clearly be required to award benefits, the court takes Plaintiff's testimony to be established as true. *See Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988) (stating that where the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for immediate award of benefits); *see also Lingenfelter,* 504 F.3d at 1041. Such is the case here. At the hearing, the ALJ asked the vocational expert whether Plaintiff could perform the same jobs if she missed four to eight hours of work per week, which is consistent with Plaintiff's testimony and her physicians' opinions. The vocational expert found Plaintiff would not be able to sustain employment at any of those jobs if she missed as few as four hours per week. AR at 1254-55. Thus, if the ALJ had taken Plaintiff's testimony as true, the ALJ would be required to find her

disabled. Accordingly, this Court takes Plaintiff's testimony to be established as true, deems that further administrative proceeds are not necessary, and remands for payment of benefits. That Plaintiff has already waited over nine years for a final resolution, that this matter has already been twice remanded to ALJ's, and that additional proceedings would pose further delay, additionally weigh in favor of an award of benefits. *See Smolen v. Chater*, 80 F.3d. 1273, 1292 (9th Cir. 1996) (noting seven-year delay and additional delay posed by further proceedings).

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED for payment of benefits.

DATED this 13th day of August, 2008.

Carolyn R. Dimmick
United States District Judge